UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL NO.

*versus*

15-83-SDD-EWD

SYLVESTER SMITH

## **RULING**

This matter is before the Court on the *Motion to Compel Probation Office and Bureau of Prison to Honor Judgment and Amended Judgment Entered*[1] filed by Defendant, Sylvester Smith ("Defendant").

Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, within 14 days after sentencing, the Court may correct a sentence that resulted from arithmetical, technical, or other clear error. As such, the Court lacks authority to change the stated sentence in this matter and the Defendant's motion must be denied.

On May 19, 2016, the Defendant appeared before the undersigned for sentencing. After imposition of sentence, on May 27, 2019, the Court entered a *Judgment* which stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>120 months on count 1, 48 months on each of counts 24 and 25, to run concurrently.</u>
>
> It is further recommended any future sentences for the following: Stop When Traffic Obstructed, Expired Driver's License, Driving Under Suspension, and Possession of Marijuana, Baton Rouge City Court - Docket No. 08-CR-038345S; Speeding 21-30 MPH Over Limit, Baton Rouge City Court - Docket No. BR01903284; Possession of a Schedule II Drug-Codeine, Use

---

[1] Rec. Doc. No. 1744.
50377

of a Firearm While in Possession of a Controlled Dangerous Substance, and Convicted Felon Carrying a Weapon, 32nd Judicial District Court, Houma, Louisiana - Docket No.09-FELY-557901; Drug Financial Transaction, 32 Judicial District Court, Houma, Louisiana - Docket No. J-01756-09; Following too Closely, Reckless Operation of a Motor Vehicle, Flight From an Officer, Speeding, Failure to Stop at a Stop Sign, No Passing Zones, Improper Turn, No Headlights, Unattended Motor Vehicle, Blocking of Private Driveways, Highways and Department Right of Way, and Driving Under Suspension, 23rd Judicial District Court, Gonzales, Louisiana - Docket No. 29615; Possession With the Intent to Distribute Schedule I Controlled Dangerous Substance, Possession With the Intent to Distribute Schedule II, 2 counts, Unlawful Use or Possession of Body Armor, and Transactions Involving Proceeds From Drug Offenses, 23rd Judicial District Court - Docket No.: 29614, be served concurrently.[2]

On August 22, 2016, the Court issued an *Amended Judgment* that added the following language:

Pursuant to USSG § 5G1.3 and § 5K2.23, the defendant is to receive 609 days of credit toward this 120 month sentence, for time he served under Docket No. 122382 for the offense of possession of cocaine, 18th Judicial District Court, Port Allen, Louisiana.[3]

The Court reviewed the audio recording of this proceeding, and the stated sentence is accurately reflected in the *Amended Judgment*.

The *Amended Judgment* reflects that it was the Court's intent that the Defendant be given credit (approximately 20 months) for time he served in the Louisiana Department of Corrections for a related offense. A letter provided to the Defendant by the Bureau of Prisons ("BOP") states: "In light of the court's amended judgment, the Bureau has contacted the sentencing court for their position on this matter and will await their direction."[4] Contrary to this representation, the Court was not contacted by the BOP, and

---

[2] Rec. Doc. No. 810 (emphasis in original).
[3] Rec. Doc. No. 982.
[4] Rec. Doc. No. 1744-1 at 3.
50377

the Probation Office was not in receipt of this letter; rather, the United States Attorney's Office for this district received this letter from the BOP.

While the Court lacks the authority to grant Defendant relief under FRCP Rule 35, the Court offers the following in an effort to "clarify" Defendant's sentence as the BOP requested. The Court determines that a sentence of a total of 120 months provides the appropriate punishment for the offense conduct and the related offense conduct charged by the state. It was the Court's intent that the Defendant receive credit for the 20 months served on the related state charge. Pursuant to USSG § 5K2.23 and USSG § 5G1.3, because the Defendant previously served approximately 20 months on the related state charge (Docket No. 122382, 18th Judicial District Court, Port Allen, Louisiana), an effective sentence of 100 months on count 1 achieves this result. The sentence reflects a sentence reduction, pursuant to USSG § 5K2.23 and USSG § 5G1.3(b), for a period of imprisonment that will not be credited by the Bureau of Prisons.

Further, any future sentences for the following shall be served concurrently: Stop When Traffic Obstructed, Expired Driver's License, Driving Under Suspension, and Possession of Marijuana, Baton Rouge City Court - Docket No. 08-CR-038345S; Speeding 21-30 MPH Over Limit, Baton Rouge City Court - Docket No. BR01903284; Possession of a Schedule II Drug-Codeine, Use of a Firearm While in Possession of a Controlled Dangerous Substance, and Convicted Felon Carrying a Weapon, 32nd Judicial District Court, Houma, Louisiana - Docket No.09-FELY-557901; Drug Financial Transaction, 32 Judicial District Court, Houma, Louisiana - Docket No. J-01756-09; Following too Closely, Reckless Operation of a Motor Vehicle, Flight From an Officer, Speeding, Failure to Stop at a Stop Sign, No Passing Zones, Improper Turn, No

50377

Headlights, Unattended Motor Vehicle, Blocking of Private Driveways, Highways and Department Right of Way, and Driving Under Suspension, 23rd Judicial District Court, Gonzales, Louisiana - Docket No. 29615; Possession With the Intent to Distribute Schedule I Controlled Dangerous Substance, Possession With the Intent to Distribute Schedule II, 2 counts, Unlawful Use or Possession of Body Armor, and Transactions Involving Proceeds From Drug Offenses, 23rd Judicial District Court - Docket No.: 29614.

Accordingly, the *Motion to Compel Probation Office and Bureau of Prison to Honor Judgment and Amended Judgment Entered*[5] is DENIED because Defendant does not meet the limited grounds for relief under Rule 35; however, the Court has clarified its sentencing intent as requested by the BOP.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana the 12th day of March, 2019.

*Shelly D. Dick*
_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. No. 1744.